USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/12/2014

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HARRY SMITH,                                                :
                                    Petitioner,             :
                                                            :         13 Civ. 5485 (LGS)
                 -against-                                  :
                                                            :         OPINION AND ORDER
                                                            :
ATTORNEY GENERAL DAVID M. UNGER,                            :
                                    Respondent.             :
                                                            :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

     Petitioner Harry Smith brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for criminal possession of a weapon in the third degree and criminal possession of a weapon in the second degree (the "Petition"). This case was referred to the Honorable Gabriel W. Gorenstein for a report and recommendation (the "Report"). The Report was filed on June 9, 2014, and recommends that the writ be denied. Petitioner timely submitted objections to the Report (the "Objections"). Petitioner also submitted a supplemental letter containing objections on July 16, 2014. For the following reasons, the Report is adopted, and the Petition is denied.

## I. BACKGROUND

### A. Factual Background

     The facts relevant to the Petition are set out in the Report and summarized here. In January 2009, pursuant to a search warrant, New York City Police Department ("NYPD") officers entered an apartment on 121st Street in Manhattan. In one bedroom, the NYPD found Sandra Hill, Smith's cousin. In another bedroom, the officers found Smith lying on a twin bed and Hill's son lying on another bed. They placed Smith in handcuffs, searched the room and found a nine-millimeter handgun, a loaded magazine and two forged official badges. In the

room in which Hill was found, they found cocaine and crack cocaine. Smith was then placed under arrest and charged with criminal possession of a weapon in the second and third degrees, endangering the welfare of a child, and two counts of criminal possession of a forged instrument in the third degree.

At the precinct, NYPD officers went to Smith's cell to question him. Unprompted, Smith declared that the gun and fake police badges were his but that he "did not know anything about the drugs in the apartment." Smith reiterated these statements after he was read his Miranda rights. Smith also provided a detailed written confession.

Before the trial, Petitioner's trial counsel received a Voluntary Disclosure Form ("VDF") that listed Smith's post-arrest statements. This VDF indicated that Smith had told the NYPD, "The gun is mine," and, "The drugs are mine." The prosecution later gave the trial court a corrected VDF -- omitting the statement about drugs -- but defense counsel apparently did not receive the revised version or learn about the error until a sidebar at trial, during the testimony of an NYPD officer.

Petitioner's jury trial took place in October 2009, in the Supreme Court of New York, New York County. The Report contains a detailed description of the trial, including allegedly improper statements made by both the prosecution and defense counsel, as well as the jury charge concerning constructive possession, which the Petition challenges.

Ultimately, the jury convicted Smith of criminal possession of a weapon in the second and third degrees and acquitted him on the remaining counts. The trial court sentenced Smith to nine years' imprisonment, followed by five years of post-release supervision, for the second-degree count, as well as a concurrent, indeterminate term of two to four years for the third-degree count.

## II.     LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error. *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citation omitted). Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections . . . ." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006).

Where a state court has reached the merits of a federal claim, habeas relief under §2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2). State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*. § 2254(e)(1).

3

"A state court's determination that a claim lacks merit" is not unreasonable "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Ramos v. Racette*, 726 F.3d 284, 287-88 (2d Cir. 2013) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)).

## III.   DISCUSSION

The Petition seeks habeas relief on two grounds:  (1) prosecutorial misconduct and (2) ineffective assistance of counsel.  The Objections also dispute a portion of the Report's factual recitation.

### A.   Prosecutorial Misconduct

The Report correctly rejected Petitioner's prosecutorial misconduct claims.

The Objections allege that, by failing to provide a copy of the new VDF to defense counsel, the prosecution violated Petitioner's due process right to a fair trial and violated the New York Criminal Procedure law.  The Petition does not make this argument, but instead argues only that trial counsel was ineffective with respect to the VDF -- conducting the trial as if Petitioner had admitted to possession of the drugs as erroneously stated in the first VDF; failing to object to the prosecution's late disclosure of the revised VDF; and failing to request a curative instruction.

A fundamental principle of law is that arguments not raised below are forfeited on appeal.  *See Local 377, RWDSU, UFCW v. 1864 Tenants Ass'n*, 533 F.3d 98, 99 (2d Cir. 2008) ("[A]dditional arguments on appeal that were not raised below . . . have been forfeited."); *accord Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that Magistrate Judge Act "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"); *Gonzalez v. Garvin*, No. 99 Civ. 11062 (SAS), 2002 WL 655164, at *2 (S.D.N.Y. Apr. 22, 2002) ("To consider new legal arguments at this point would undermine

the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments." (internal quotation marks and citation omitted)). Petitioner's argument has therefore been waived.

Even if it were not waived, however, the argument fails on the merits. To prevail on a prosecutorial misconduct claim, a habeas petitioner must show that the alleged misconduct "constituted more than mere trial error, and w[as] instead so egregious as to violate the defendant's due process rights." *Tankleff v. Senkowski*, 135 F.3d 235, 252 (2d Cir. 1998). The petitioner must show that he "suffered actual prejudice" because the alleged misconduct "had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting *Bentley v. Scully*, 41 F.3d 818, 823 (2d Cir. 1994)).

The VDF mistake was not prejudicial error. This was not a case in which "the evidence was so closely balanced that the prosecutor's [mistake was] likely to have had a substantial effect on the jury." *Id.* at 253. The prosecution adduced, inter alia, an uncontroverted, written confession by Petitioner that the weapon discovered in his apartment was his, the defense presented no evidence of its own, and the jury convicted only on the weapons possession charges. In fact, as the Report correctly observes, Petitioner's trial counsel pursued a reasonable defense theory that answered both the original VDF and the corrected VDF -- that is, that Petitioner had taken responsibility for *all* of the contraband found in the apartment, including the drugs, to protect his cousin.

The remaining Objections merely restate arguments made in the Petition and point to no clear error in the Report. As the portions of the Report that are unaddressed in the Objections likewise contain no clear error, the claims for prosecutorial misconduct are rejected.

B. **Ineffective Assistance of Counsel**

The Report correctly rejected Petitioner's ineffective assistance of counsel claim.

The Petition asserts that Petitioner's appellate representation was constitutionally defective for failure to raise several ineffective assistance arguments about Petitioner's trial counsel.  As the Objections reiterate, the Petition alleges that trial counsel: (1) incorrectly told the jury that Smith had admitted to uncharged drug crimes during his opening statement and summation, and, furthermore, adduced evidence about those uncharged crimes throughout trial; and (2) failed to object to an erroneous jury charge.

To establish ineffective assistance of appellate counsel for failure to raise arguments about trial counsel's alleged ineffectiveness, a habeas petitioner first must show that trial counsel was ineffective.  *See Williams v. Goord*, 277 F. Supp. 2d 309, 320 (S.D.N.Y. 2003).  The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), articulated the standard for ineffective assistance of counsel, requiring that a habeas petitioner establish that counsel's representation fell below "an objective standard of reasonableness," and that there is a "reasonable probability" that absent counsel's error, "the result of the proceeding would have been different."  *Id.* at 688, 694.

The Report correctly determines that Petitioner has failed to establish that he received ineffective assistance of counsel at trial.  The Report concludes that trial counsel's mention of uncharged drug crimes throughout trial was not objectively unreasonable because counsel had made a reasonable strategic decision to advance a theory that Smith had taken responsibility for all of the contraband found in the apartment to protect his cousin from criminal charges.  The Report reasons that, although trial counsel "normally seeks to exclude evidence of his client's criminal conduct," Petitioner's trial counsel acted reasonably in the face of the "nearly insurmountable task" of contradicting Petitioner's written confession that he owned the handgun.  The Report also concludes that trial counsel did not err in failing to object to the jury instructions defining constructive possession, as the charge "accurately communicated" the definition of

6

constructive possession under New York law.  *See* N.Y. Penal Law § 10.00 ("'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property.").

The Objections merely restate arguments made in the Petition and point to no clear error in the Report.  As the portions of the Report that are unaddressed in the Objections likewise contain no clear error, the claim for ineffective assistance of counsel is rejected.

### C.     Factual Recitation

The Objections take issue with one factual detail in the Report.  The Objections argue that Petitioner was asleep -- not awake, as the Report allegedly recites -- when the NYPD entered his bedroom.  The Report merely states that Petitioner was "lying on a twin bed," without any indication as to whether Petitioner was awake or asleep.  Even if the Report were inaccurate on this point, it did not serve as the basis for any determination in the Report and therefore does not preclude the adoption of the Report.  *Garbutt v. Conway*, No. 05 Civ. 9898 (SHS), 2009 WL 2474099, at *1 (S.D.N.Y. Aug. 12, 2009); *accord Foster v. Doe*, No. 84 Civ. 1337 (CES), 1990 WL 209362, at *8 (S.D.N.Y. Dec. 7, 1990) (adopting report and recommendation where alleged factual errors were not "central to the Magistrate's findings.").

## IV.    CONCLUSION

For the reasons stated above, the Report is adopted and the Petition for a writ of habeas corpus is denied.

The Clerk of Court is directed to close this case.

Dated: December 12, 2014
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

7